**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| MARIA N. ABREU,<br>2910 Weisman Road<br>Silver Spring, Maryland 20902      )<br>           )<br>Plaintiff,     )<br>v.         )<br>           )<br>COUNTRYWIDE BANK, FSB,     )<br>a Federal Savings Bank,<br>3440 Wilshire Blvd., 3rd Floor<br>Los Angeles, California 90010<br><br>and<br><br>COUNTYWIDE HOME LOANS, INC.,<br>a New York corporation,<br>4500 Park Granada<br>Calabasas, California 91302-1613<br><br>and<br><br>BANK OF AMERICA CORPORATION<br>a Delaware corporation,<br>100 North Tryon Street<br>Charlotte, North Carolina 28255<br><br>and<br><br>FEDERAL HOME LOAN MORTGAGE<br>      CORPORATION<br>8200 Jones Branch Drive<br>McLean, Virginia 22102<br><br>Defendants. | Civil Action No. _____ |

MARIA N. ABREU,
2910 Weisman Road
Silver Spring, Maryland 20902 )
                              )
                 Plaintiff,   )      Civil Action No. _____
v.                            )
                              )
COUNTRYWIDE BANK, FSB,        )
a Federal Savings Bank,       )
3440 Wilshire Blvd., 3rd Floor )
Los Angeles, California 90010 )
                              )
          and                 )
                              )
COUNTYWIDE HOME LOANS, INC.,  )
a New York corporation,       )
4500 Park Granada             )
Calabasas, California 91302-1613 )
                              )
          and                 )
                              )
BANK OF AMERICA CORPORATION   )
a Delaware corporation,       )
100 North Tryon Street        )
Charlotte, North Carolina 28255 )
                              )
          and                 )
                              )
FEDERAL HOME LOAN MORTGAGE    )
     CORPORATION              )
8200 Jones Branch Drive       )
McLean, Virginia 22102        )
                              )
          Defendants.         )

1

**ANTI-FORECLOSURE COMPLAINT**

Plaintiff, Maria N. Abreu, by her undersigned counsel, states and alleges for a Complaint against Defendants Countrywide Bank, FSB and Countrywide Home Loans, Inc. (referred to herein as "Countrywide"), Bank of American Corporation ("Bank of America"), and Federal Home Loan Mortgage Corporation ("Freddie Mac")  as follows:

## I.    PARTIES

1. Plaintiff Maria N. Abreu ("Ms. Abreu") is an individual living in Montgomery County, at 2910 Weisman Road, Silver Spring, Maryland 20902 ("Ms. Abreu's Home") since 2001.  Ms. Abreu's son lives with her in the house.  Her son is a special-needs teenager who will continue as an adult to be dependent on Ms. Abreu.

2. On information and belief, Defendant Countrywide Bank, FSB, formerly known as Countrywide Bank, N.A., is a national association organized and existing under the laws of the United States and having its principal place of business in Los Angeles, California; Defendant Countrywide Home Loans, Inc. is a New York corporation, having its principal place of business in Calabasas, California.

3. On information and belief, Bank of America is a Delaware corporation with a principal place of business in Charlotte, North Carolina.  In summer 2008, Bank of America took over Countrywide.

4. Until recent weeks, Freddie Mac was a corporate instrumentality of the United States of America, chartered by Congress under the Federal Home Loan Mortgage Corporation Act. Freddie Mac has now been put, by the United Statement government, in conservatorship.

## II.    JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction in this action, based on the existence of diversity of citizenship between the parties, *see* 28 U.S.C. 1332.

6. The mortgage on Ms. Abreu's Home for which foreclosure is being threatened exceeds the diversity jurisdiction amount.

7. This Complaint is brought by Plaintiff who is an individual home-owner residing in Montgomery County, Maryland.

8. Defendants engaged in the transaction of business in Montgomery County, Maryland.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(a).

10. Defendants are subject to the personal jurisdiction of this Court under Federal Rule of Civil Procedure 4(k)(1)(A).

### III.    NATURE OF THE ACTION

11. This is a complaint to enjoin Defendants from initiating mortgage foreclosure proceedings against Ms. Abreu's Home.

12. In Maryland, where Ms. Abreu's Home is located, a mortgage foreclosure is an equitable action, and the lender seeking the equitable relief of foreclosure is required to have clean hands. *Hill v. Cross Country Settlements LLC,* 402 Md. 281, 309, 936 A.2d 343, 360 (2007); *Wells Fargo Home Mortgage, Inc. v. Neal*, 398 Md. 705, 728-730, 922 A.2d 538, 552 (2007).

13. The Defendants herein lack the requisite clean hands with regard to Ms. Abreu and Ms. Abreu's Home.

14. The anti-foreclosure relief sought herein is consistent with what Bank of America already has voluntarily accepted with regard to Bank of America's so-called "Countrywide customers" in other states, as Bank of America announced in its press release dated October 6, 2008 concerning "interest rate and principal reductions". With regard to the Countrywide customers in California, Florida and Illinois for whom the settlement was negotiated by the states' Attorney Generals, Bank of America announced that "[f]oreclosure sales will not be initiated or advanced for borrowers likely to qualify until Countrywide has made an affirmative decision on the borrower's eligibility." Bank of America's press release announced that, in the upcoming loan modifications for those other states' homeowners, "First-year payments of principal, interest, taxes and insurance will be targeted to equate to 34 percent of the borrower's income." Bank of America's press release contemplates for those other states' homeowners, among other things, "Principal reductions on Pay Option adjustable rate mortgages that restore lost equity".

15. The anti-foreclosure relief sought herein is consistent with the letter dated July 7,

2008 written by Chief Judge Robert M. Bell of the Court of Appeal of Maryland, to all Maryland lawyers, "asking for your assistance in helping those of our citizens facing foreclosure to save their homes." As Maryland's Chief Judge wrote, "Foreclosure impacts everyone – families are uprooted, property values are reduced, vacant and abandoned properties increase along with attendant crime, public revenues for the support of important services are lost, and court dockets become overwhelmed."

## IV.    FACTS

16. Ms. Abreu has worked for the same employer for about 20 years, working as an administrative assistant.

17. In 2001, Ms. Abreu purchased her home at 2910 Weisman Road in Silver Spring, Maryland.

18. In 2005, unbeknownst to Ms. Abreu, she fell victim to predatory lending. Like many other victims of other pyramid schemes, Ms. Abreu was unaware that the transactions that she was undergoing lacked legitimacy on the side of the, then, seemingly reputable businesses dealing with her. As of April 5, 2005, Countrywide refinanced Ms. Abreu, an ordinary working person, into a payment option ARM, which unbeknownst to her was a predatory loan that was mathematically destined to implode.

19. Ms. Abreu was victimized through a series of predatory loans, culminating in a package of two mortgages, both on Ms. Abreu's Home, dated July 26, 2007. Today, Countrywide and Freddie Mac are asserting against Ms. Abreu a mortgage associated with a Refinance Deed of Trust dated July 26, 2007 in which the Lender is Countrywide Bank, FSB, recorded in Maryland Land Records at Liber 35128, Folio 320 as of filing date December 7, 2007.

20. The amount shown in the July 26, 2007 Deed of Trust is $350,400.00. (35128:321) The Note associated with this Deed of Trust is an InterestFirst$^{SM}$ Note, which provides for a monthly payment of $2,007.50 for the first 120 months of the Note, and thereafter monthly payments of $2,690.42.

21. The July 26, 2007 Deed of Trust encumbers Ms. Abreu's Home, at 2910 Weisman

Road (35128:322), where she and her special needs son live.

22. For the July 26, 2007 Deed of Trust on Ms. Abreu's Home, according to Countrywide and Freddie Mac, Freddie Mac is now the owner-investor, and Countrywide is the servicer.

23. At the same time that Countrywide refinanced Ms. Abreu's Home to encumber it with the Deed of Trust for $350,400.00 ("the Countrywide first mortgage"), Countrywide also encumbered Ms. Abreu with a second mortgage which is a Deed of Trust dated July 26, 2007 in the amount of $43,800.00 which second mortgage is recorded in Maryland Land Records at Liber 35128, Folio 335 as of filing dated December 7, 2007.

24. The second mortgage provides for 179 monthly payments of $336.78, followed by a balloon payment of $34,538.57.

25. When refinancing Ms. Abreu on July 26, 2007, Countrywide paid $393,545.51 to American Home Mortgage to pay off a payment option adjustable rate mortgage ("ARM") which had, in turn, preyed upon Ms. Abreu.

26. In connection with the July 26, 2007 Countrywide refinancing, money was collected directly from Ms. Abreu who was required to bring a check to the refinance closing.

27. With regard to the first and second mortgages dated July 26, 2007 that the Defendants are asserting against Ms. Abreu, the loan application on its face shows that the 47.5% ratio of mortgage debt to income exceeded Freddie Mac's underwriting standards.

28. In mid-September 2008 Freddie Mac was advised in writing of the problem with the 47.5% mortgage debt ratio being above its own underwriting standards, and Freddie Mac has not disagreed with this analysis.

29. Before this Complaint was filed, the Defendants were asked to freeze the mortgage time line.   An attorney for Freddie Mac indicated that Freddie Mac did not want to give up the "stick" of their traditional "carrot and stick" approach, and further indicated that Freddie Mac would not get involved in the mortgage foreclosure time line which would be left to the servicer, Countrywide.  After Ms. Abreu's attorney had been communicating with Freddie Mac's attorney for some time, Freddie Mac's attorney admitted that Freddie Mac had not reviewed the loan application file for the mortgage dated July 26, 2007 and was without any intention to commit to

conduct its own substantive review of the file.

30. Moreover, the problem goes beyond the face of the loan application with the 47.5% mortgage debt ratio shows.  For example, the amount shown on the loan application, $5,240.00, as base income, includes both income from Ms. Abreu's long-time full-time job, and a second job that she also managed to temporarily work.

31. The undocumented loans provided to Ms. Abreu in the period 2005 to 2007, and the fact that the July 26, 2007 loan application even on its face is outside Freddie Mac's own underwriting standards, are evidence of lack of clean hands on the part of Countrywide and those on Countrywide's side of the transaction.  Countrywide's refinancing of Ms. Abreu on July 26, 2007 is not consistent with how a bank would operate in a prudent, law-abiding manner.

32. Freddie Mac's purchasing of Countrywide's first mortgage loan to Ms. Abreu which even on the loan application is outside Freddie Mac's own underwriting standards, is not consistent with doing business in a prudent, law-abiding manner.

33. For simplicity, the additional levels of wrongdoing by the Defendants, such as how their schemes violated federal statutes (including but not limited to 18 U.S.C. 1341 and 18 U.S.C. 1961 *et seq.*) are not now addressed.

34. According to public news reports, Countrywide and Freddie Mac are under investigation by at least the United States Department of Justice, the Securities and Exchange Commission, and the Federal Bureau of Investigation.

35. Since summer 2008, Countrywide has been writing to Ms. Abreu that her loans are in default and are seriously delinquent, and threatening foreclosure.

38. Countrywide wrote to Ms. Abreu threatening to report information about her account to credit bureaus.  Shortly thereafter, Ms. Abreu received notification of cancellation of her credit cards.

## PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing, Plaintiff Maria Abreu hereby prays for relief as follows:

      A.     A preliminary injunction enjoining Defendants and each of them from initiating

mortgage foreclosure proceedings against Plaintiff;

B.      A declaratory judgment that Defendants lack the requisite clean hands to initiate an action against Plaintiff;

C.      A preliminary injunction enjoining Defendants and each of them from making negative credit reports about Plaintiff;

D.      Such other and further relief as may be awardable under 18 U.S.C. 1964( c);

E.      Such other and further relief as may be awardable under the Maryland Mortgage Fraud Protection Act;

F.      Such other legal and equitable relief as may be appropriate.


Date:   October 7, 2008                          Respectfully submitted,


                                                 /s/ Mary E. Goulet


                                                 _____
                                                 Mary E. Goulet (Bar No. 06817)
                                                 Whitham, Curtis, Christofferson & Cook, P.C.
                                                 11491 Sunset Hills Road, Suite 340
                                                 Reston, Virginia 20190
                                                 (703) 787-9400 (voice)
                                                 (703) 787-7557 (fax)
                                                 Mary@wcc-ip.com