IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |  |
|---|---|---|
| MARIA N. ABREU, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:08-cv-02635-RWT |
| | * | |
| COUNTRYWIDE BANK, FSB, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AS TO INTERPRETATION OF THE CLEAN HANDS DOCTRINE**

Defendants Countywide Bank, FSB, Countrywide Home Loans, Inc., and Bank of America Corporation (collectively, "Defendants"), by their attorneys, submit this Opposition to Plaintiff's Motion to Alter or Amend Judgment as to Interpretation of the Clean Hands Doctrine (the "Motion to Alter or Amend"), and state as follows:

**INTRODUCTION**

Plaintiff claims that this Court should reconsider its July 23, 2009 decision granting the Countrywide Defendants' Motion to Dismiss and Motion for Summary Judgment because the Court has purportedly made an error of law in its interpretation of the Clean Hands Doctrine. Plaintiff's Motion to Alter or Amend should be denied because it is an improper attempt to re-argue issues on which this Court has already ruled. Moreover, Plaintiff's Motion should be denied because the Court properly interpreted and considered the Doctrine of Unclean Hands, ruling that Plaintiff's Complaint fails as a matter of law because there is no evidence of any fraudulent,

illegal, or inequitable conduct with respect to Plaintiff's 2007 mortgage loan.

Accordingly, Plaintiff's Motion to Alter or Amend should be denied.

## ARGUMENT

### I.    PLAINTIFF'S MOTION TO ALTER OR AMEND IS IMPROPER BECAUSE IT SIMPLY RE-ARGUES THE ISSUES PREVIOUSLY CONSIDERED BY THE COURT.

The Fourth Circuit has made clear that the reconsideration of a judgment pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104 (1999). Mere disagreement with the Court's ruling does not support a Rule 59(e) motion. United States ex. rel. Becker, 305 F.3d 284, 290 (4th Cir. 2002), cert. denied 538 U.S. 1012 (2003). Further, Rule 59(e) motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co., supra, 148 F.3d at 403; quoting and citing with approval In re Reese, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir.1995)).

Here, the issues raised in Plaintiff's current motion were already raised by the Plaintiff in her Opposition to the Countrywide Defendants' Dispositive Motion and argued at the July 22, 2009 oral argument on all pending motions. At the conclusion of the oral argument, the Court rejected Plaintiff's arguments and granted the Countrywide Defendants' Dispositive Motion. Therefore, Plaintiff's current motion should be denied. Pacific Ins. Co., supra, 148 F.3d at 403; see also, Exxon Shipping Co. v. Baker, 128 S.

DMEAST #11678575 v1

Ct. 2605, 2617 (2008) ("Rule 59(e)… 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810, pp. 127-28 (2d ed. 1995)); <u>Palmer v. Champion Mortgage</u>, 465 F.3d 24, 30 (1st Cir. 2006); <u>Fox v. American Airlines</u>, 295 F. Supp.2d 56, 60 (D.D.C. 2003) (quoting <u>New York v. United States, Inc.</u>, 880 F. Supp. 37, 38 (D.D.C. 1995)) ("…[A] Motion to Amend Judgment 'is not simply an opportunity to reargue facts and theories upon which a court has already ruled.').

        Moreover, as the United States District Court for the Southern District of New York has held:  "[Rule 59(e) motions] must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  <u>Range Road Music, Inc. v. Music Sales Corp.</u>, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).  This warning is particularly apt here.  As the Court knows, Plaintiff's counsel has filed numerous frivolous motions in this case, as well as in <u>Biggs v. Eaglewood, et al.</u>.  In <u>Biggs</u>, Plaintiff's counsel filed a Rule 59(e) motion after Judge Messitte granted Countrywide's dispositive motion.  Plaintiff's counsel then proceeded to file at least eight more motions prior to the entry of final judgment.  Accordingly, Defendants urge this Court to summarily deny Plaintiff's motion.

## II.    THE COURT CORRECTLY GRANTED THE COUNTRYWIDE DEFENDANTS' DISPOSITIVE MOTION BECAUSE THERE WAS NO IMPROPER CONDUCT WITH RESPECT TO PLAINTIFF'S 2007 MORTGAGE LOAN.

        Plaintiff attempts to show that the Court committed a clear error of law by re-arguing her contention that the 2007 Mortgage Loan was improper because it

purportedly violated Freddie Mac guidelines.  In making her argument, Plaintiff
compares the case at bar to the Maryland Court of Appeals' decision in <u>Messick v.
Smith</u>, 69 A2d. 478 (Md. 1949).  <u>Messick</u>, however, is completely inapposite.

        In <u>Messick</u>, the court applied the clean hands doctrine to prevent a plaintiff
from benefitting from fraud committed to circumvent a federal statute designed to
protect the defendant.  <u>Id.</u> at 481-82.  Ms. Abreu's case is not even remotely analogous.
This Court correctly ruled that Defendants did not do anything fraudulent, improper or
illegal.  Moreover, the Court flatly rejected Plaintiff's claim that the 2007 Loan's
purported failure to meet the debt to income ratio contained in Freddie Mac's servicing
guide could constitute illegal, fraudulent or inequitable conduct.  Indeed, the law is clear
that Freddie Mac's guidelines do not grant borrowers any rights and are not part of the
contract between the lender and borrower.  (Countrywide's Reply Memorandum
(Document No. 35) at 6-7.)  Therefore, the <u>Messick</u> case is completely irrelevant, and
Plaintiff's Motion should be denied.

        Plaintiff also suggests that Defendants somehow acted inequitably by
loaning her more money than she could afford.  (Plaintiff's Motion at 7).  That argument
was also previously raised by Plaintiff and properly rejected by the Court.  Virtually all of
the money lent by defendants was used to pay off Plaintiff's existing mortgage to non-
party American Home Mortgage.  (Defendants' Memorandum in Support of their
Dispositive Motion, Exhibit 17).  Therefore, Defendants' 2007 loan did not negatively
impact Plaintiff.  Moreover, Defendants did not owe a duty to Plaintiff to lend her the
"proper" amount.  (Defendants' Memorandum in Support of their Dispositive Motion, at

14-15).  Accordingly, Plaintiff has not demonstrated that this Court committed any error

of law, let alone a clear error of law.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Motion to Alter or Amend should

be denied.

Respectfully submitted,


/s/ Glenn A. Cline
Glenn A. Cline (Fed. Bar # 26672)
Charles S. Hirsch (Fed. Bar # 06605)
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th floor
Baltimore, Maryland 21202
Phone:  410-528-5600
Fax:     410-528-5650
Email:   clineg@ballardspahr.com
           hirsch@ballardspahr.com

Attorneys for Defendants
Countrywide Bank, FSB,
Countrywide Home Loans, Inc. and
Bank of America Corporation

DMEAST #11678575 v1

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 12th day of August 2009, a copy of the foregoing Plaintiff's Motion to Alter or Amend Judgment as to Interpretation of the Clean Hands Doctrine was electronically filed.


_/s/ Glenn A. Cline_____
Glenn A. Cline

DMEAST #11678575 v1