**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARIA N. ABREU,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. RWT 08-2635 |
| | * | |
| **COUNTRYWIDE BANK, FSB,** | * | |
| et al., | * | |
| | * | |
| Defendants | * | |
| | ***** | |

**MEMORANDUM OPINION**

After conducting a hearing on a multitude of pending motions, this Court entered an Order on July 23, 2009, granting motions to dismiss, denying all of Plaintiff's motions, and entering judgment in favor of Defendants ("Final Judgment"). [Paper No. 71.] On July 28, 2009, pursuant to Fed. R. Civ. P. 59(e), Plaintiff filed the instant Motion To Alter Or Amend Judgment As To Interpretation of the Clean Hands Doctrine. [Paper No. 72.] Therein, Plaintiff claims that the Court made a clear error of law when it concluded that the doctrine of unclean hands could not support Plaintiff's "anti-foreclosure"complaint because Plaintiff had not pleaded any fraudulent, illegal, or inequitable conduct by Defendants with respect to her 2007 mortgage loan. Defendants Countrywide Bank, FSB, Countrywide Home Loans, and Bank of America Corporation (collectively, the "Countrywide Defendants") and the Federal Housing Finance Agency have filed Oppositions [Paper Nos. 73 & 74] and Plaintiff has filed a Reply [Paper No. 75]. The Court finds that no hearing is necessary, and for the following reasons, will deny Plaintiff's motion.

**I.**

A court may grant a Rule 59 motion to alter or amend judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).  Plaintiff rests her instant motion upon the third category.

The Fourth Circuit has made clear that the reconsideration of a judgment pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Mere disagreement with the Court's ruling does not support a Rule 59(e) motion. *United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). Further, Rule 59(e)  motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co.*, 148 F.3d at 403 (citing *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him.")); *see also Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 (2008) ("Rule 59(e)… 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810 at 127-28 (2d ed. 1995)).

**II.**

The parties are very familiar with the factual and procedural background of this case, so the Court will not recite it at length here.

In her present motion, Plaintiff requests that the Court amend the Final Judgment to alter or amend: (1) the denial of Plaintiff's Motion that Judicial Notice Be Taken of Freddie Mac Seller/Servicer Guide [Paper No. 24]; (2) the denial of Plaintiff's motions proffering evidence that she claims would have put "the numbers in the 2007 mortgages and loan applications in context" [Paper Nos. 23, 25, and 65]; and (3) the grant of Defendants' Motion To Dismiss, Or in the Alternative, For Summary Judgment [Paper No. 14.] She argues that the Final Judgment encompasses an interpretation of the clean hands doctrine that is more restrictive than the appropriate standard, namely that "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim . . . ." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 815 (1945). Therefore, she believes that the Court should have considered her proffered documents as evidence that the Defendants engaged in inequitable conduct, albeit conduct which was not "of such a nature as to be punishable as a crime or to justify legal proceedings of any character." *Id.*

The Court finds Plaintiff's present arguments unavailing for two reasons. First, Plaintiff's Motion To Amend does not present any new issues that were not raised in her previous pleadings, such as her Opposition to the Countrywide Defendants' dispositive motion, or argued by Plaintiff's counsel during the July 22 hearing. At the conclusion of the oral argument, the Court rejected the very arguments Plaintiff presently makes, and granted the Countrywide Defendants' motion for summary judgment. Thus, Plaintiff's present motion is an improper attempt to re-argue issues upon which this Court has already ruled.

Second, the Court finds no error of law in its interpretation of the unclean hands doctrine, as expressed in its oral disposition at the conclusion of the July 22 hearing. Plaintiff's primary

contention during oral argument was that her 2007 mortgage loan was improper because it purportedly violated Freddie Mac guidelines, and because the Defendants allegedly loaned her more money than she could "afford." Even if the documents proffered by the Plaintiff established these facts, they still would not establish that the Defendants engaged in any willful act that "rightfully can be said to transgress equitable standards of conduct." *Precision Instrument*, 324 U.S. at 815. The law is clear that Freddie Mac's guidelines concerning debt-to-income ratios are not intended to, and do not, grant borrowers any rights and are not part of the contract between the lender and the borrower. Therefore, even if Plaintiff were able to show that her loan violated these guidelines, that would establish only that Defendants made a questionable business decision, but not that they had "unclean hands" such that they would not be entitled to foreclose on Plaintiff's home.

Furthermore, virtually all of the money lent to Plaintiff was used to pay off a pre-existing mortgage held by a non-party in this case. Thus, the loan was initially advantageous to her, and Defendants had no duty to lend their customers a "proper" amount of money.

**III.**

Therefore, the Court finds that there has been no clear error of law, nor is there a need to prevent manifest injustice. *See Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005). Therefore, Plaintiff's Motion To Alter Or Amend Judgment As To Interpretation of the Clean Hands Doctrine [Paper No. 72] will be denied. A separate order follows.

Date: September 2, 2009                              /s/
                                          ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE